STEPHEN YAGMAN
YAGMAN & YAGMAN & REICHMANN
723 Ocean Front Walk
Venice Beach, California 90291
(310) 452-3200

Attorneys for Plaintiffs

FILED
CLERK, U.S. DISTRICT COURT
APR 25 2005
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

LODGED

ORIGINAL

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

E. SANCHEZ, R. SANCHEZ, C. RODRIGUEZ, and S. FIGUEROA,

Plaintiffs,

vs.

WILLIAM J. BRATTON, WILLIE L. WILLIAMS, DARYL F. GATES, SILVIA SAUCEDO, DAVID S. CUNNINGHAM, III, ALAN J. SKOBIN, RICK J. CARUSO, ROSE OCHI, CORINA ALARCON, JAMES K. HAHN, RUTH GALANTER, CINDY MISCIKOWSKI, ERIC GARCETTI, ED REYES, WENDY GREUEL, DENNIS P. ZINE, TOM LABONGE, JACK S. WEISS, TONY CARDENAS, ALEX PADILLA, BERNARD C. PARKS, JAN PERRY, MARTIN LUDLOW, GREIG SMITH, JANICE HAHN, LAPD SGT. JAMES CANALES, LAPD OFFICERS MIKE ARAI, RUBEN GONZALEZ, WILLIAM LANTZ, MAX REDE, ALEX RONQUILLO, JOE VASZUEZ, NINE UNKNOWN NAMED LAPD OFFICERS, MICHAEL ANTONOVICH, YVONNE B. BURKE, DON KNABE, GLORIA MOLINA, ZEV YAROSLAVSKY, PAUL HIGA,

No. Civ.-04-09991-SJO(SSx)

**FIRST AMENDED COMPLAINT**
(lodged 04-04-05)

(Damages for Deprivation of Civil Rights, RICO)

**JURY DEMAND**

42

DOCKETED ON CM
APR 27 2005
BY 003

RICHARD SCHUMSKY, WESLEY WOO, FIFTEEN UNKNOWN NAMED LOS ANGELES COUNTY PROBATION DEPT. OFFICERS AND/OR EMPLOYEES,

Defendants.

SCANNED

Plaintiffs allege as follows, on information and belief:

## JURISDICTION AND VENUE

1. The claims made herein are asserted pursuant to the United States Constitution, and 42 U.S.C. 1983, *et seq.*, and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. 1961, *et seq.*, and the jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331 and 1343.

2. The acts and/or omissions complained of occurred in the Central District of California, and within its Western Division, and therefore, venue lies in this District pursuant to 28 U.S.C. § 1391.

## THE PARTIES

3. Plaintiffs were within the jurisdiction of the United States of America at all times herein alleged, and were inhabitants of the United States of America.

4. Defendants are: LAPD officers, the present and former chiefs of police, past and present members of the Los Angeles Board of Police Commissioners, members of the Los Angeles City Council, the Mayor of Los Angeles, members of the County of Los Angeles Board of Supervisors, the past and present Los Angeles County chief probation officer, and County probation officers.

5. Each and every defendant who is a natural person is sued in both his/her individual/personal capacity, as well as in his/her official capacity if he/she had any policymaking duties, functions, or responsibilities with respect to the matters alleged herein.

## FACTS COMMON TO ALL COUNTS

6. Each and every allegation set forth in each and every averment of this pleading hereby is incorporated by this reference in each and every other averment and allegation of this pleading.

7. Plaintiffs were deprived of interests protected by the Constitution and/or laws of the United States of America, and each and every defendant caused, by commission or omission, such deprivation while acting under color of law.

8. All acts and/or omissions perpetrated by each defendant, except any governmental entity defendant or any defendant only in his/her official capacity, was engaged in maliciously, callously, oppressively, wantonly, recklessly, with deliberate indifference to the rights allegedly violated, despicably, and with evil motive and/or intent, in disregard of the rights of each plaintiff.

9. Every defendant in his/her official capacity knowingly, or grossly negligently, or with deliberate indifference to the rights allegedly violated, caused to come into being, maintained, fostered, condoned, approved of, either before the fact or after the fact, ratified, took no action to correct, an official policy, practice, procedure, or custom of permitting the occurrence of the categories of wrongs set forth in this pleading, and/or improperly, inadequately, with deliberate indifference to the constitutional or other federal rights of persons, grossly negligently, with reckless disregard to constitutional or other federal rights, failed properly to train, to supervise, to retrain, if necessary, to monitor, or to take corrective action with respect to the police and with respect to the types of wrongful conduct alleged in this pleading, so that each one of them is legally responsible for all of the injuries and/or damages sustained by any plaintiff pursuant to the principles set forth in *Monell v. New York City Dept. of Social Services* and its progeny.

All non-police officer defendants are sued herein on this theory both in their individual/personal capacities and in their official capacities.

SCANNED

Also, it is alleged that prior failures to investigate police misconduct and/or probation officer misconduct and/or to discipline police and/or probation personnel found culpable for misconduct, inadequate investigations and/or inadequate discipline imposed for police misconduct, and/or a failure to investigate or to discipline the police defendants in this case for the alleged misconduct in this case, all make the defendants other than the police officers liable for the police misconduct in this case.

10. On or about December 5, 2003, at or near 4644 W. 17th Street, in the City and County of Los Angeles, defendant LAPD officers, including Sgt. Canales, and defendant County probation officer Woo, forced entry into, entered and searched plaintiffs' home, and stopped, detained, seized, and arrested plaintiffs, all as part of an agreement and/or understanding to do these things illegally and to terrorize plaintiffs, who are Hispanic.

**COUNT ONE**

(Against All Defendants, 42 U.S.C. 1983)

11. At the time of the incident or incidents alleged in this case, the rights of persons within the jurisdiction of the United States of America under Amendment IV to the United States Constitution to be secure in home, person, papers, and effects against unreasonable searches and/or seizures, and not to be subjected to the use of unreasonable or excessive force were in effect, and any individual police officer defendant engaged in conduct (including actionable omissions, if applicable), that violated those Fourth Amendment rights, and thereby also violated the Fourteenth Amendment to the United States Constitution, and by virtue thereof, each such police officer is liable to each such plaintiff for damages, either nominal or compensatory, according to proof.

SCANNED

**COUNT TWO**

(Against All Defendants, 42 U.S.C. 1983)

12. Also, it is alleged that there was an agreement or understanding between or among defendants to engage in the conduct alleged herein to be wrongful, and that there was the commission of an overt act in furtherance of said conspiracy.

**COUNT THREE**

(Against All Defendants, 42 U.S.C. 1985, 1986)

13. Each law enforcement officer and probation department defendant agreed and/or understood and conspired with at least one other police officer or probation officer defendant to deprive a plaintiffs of the equal protection of the laws, in violation of 42 U.S.C. 1985(3), based on a racially-motivated bias against a plaintiffs; and the governmental entity and/or any official capacity defendants could have, but did not, prevent the violations of Section 1985(3).

Therefore, any police officer and probation officer defendant is liable to plaintiffs under Section 1985, and any governmental entity or official capacity defendant who had the power and/or opportunity and/or duty to prevent, but who failed to prevent any violation of Section 1985, is liable to plaintiffs under 42 U.S.C. 1986.

Any governmental entity defendant and any official capacity defendant is liable to any plaintiff for all wrongs alleged in this pleading pursuant to *Monell, supra.* This alleged conspiracy is separate from the simple, non-racially-based conspiracy alleged in Count Two, hereinabove.

<u>**COUNT FOUR**</u>

(Against All City of Los Angeles Defendants Under The Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. 1961, *et seq.*)

14. The Los Angeles Police Dept. (LAPD), is an enterprise within the meaning of 18 U.S.C. 1961(4).

15. The activities of the LAPD affect interstate commerce.

16. Defendants acquired and/or maintained control over said enterprise through a pattern of racketeering activities, as set forth hereinabove, in violation of 18 U.S.C. 1962(b).

17. Defendants, being associated with said enterprise, conducted and/or participated in said enterprise's affairs through a pattern of racketeering activities, in violation of 18 U.S.C. 1962(c).

18. The pattern of racketeering activities included a continuous pattern and practice involving activities including attempted murder, murder, kidnapping, extortion, and dealing in controlled substances, all chargeable under California law as felonies punishable for more than one year in prison, in that the police officer defendants and other LAPD officers repeatedly committed assaultive and extortionate conduct against plaintiff and others, and the defendants and other LAPD officers made false arrests of plaintiffs and others, kidnapped plaintiffs and others, planted evidence (including narcotics and weapons violations evidence) on others and subjected them to extortion, and kidnapping.

19. The pattern and practice of racketeering activities also included acts of tampering with witnesses, victims, and informants under 18 U.S.C. 1512, and retaliating against witnesses, victims, and informants under 18 U.S.C. 1513, and kidnapping, as defined by federal law.

20. Plaintiffs were injured in their business and/or property by reason of the conduct set forth, and specifically, plaintiffs were kidnapped by and had their persons and property injured by defendants.

21. Among other forms of injury, plaintiffs lost employment, employment opportunities, and the wages and other compensation associated with said employment and opportunities, in that plaintiffs was hindered in their employment and preparation for employment.



SCANNED

22. Plaintiffs have suffered a material diminishment of their employment.

23. Defendants unlawfully have engaged in the racketeering activities set forth in the preceding averments and, on information and belief, on perhaps 100 occasions during the past 10 years, through a pattern of racketeering activity, and have acquired, directly and indirectly, control of the named enterprise, the LAPD, and, to an extent, the Los Angeles County District Attorney's Office, which have engaged in and whose activities affect interstate commerce.

24. Defendants, who either are employed by or who are associated with those racketeering enterprises, have conducted those enterprises through a pattern of racketeering activity, as set forth hereinabove.

**COUNT FIVE**

(Against All City of Los Angeles Defendants For Conspiracy To Violate Racketeer Influenced And Corrupt Organizations Act, 18 U.S.C. 1962[d])

25. Defendants unlawfully have conspired, as set forth hereinabove, to violate the provisions of 18 U.S.C. 1962(b), (c), and (d), and, on information and belief, continued to do so with the aid and assistance of co-conspirators in the Los Angeles County District Attorney's Office.

26. Plaintiffs were injured in their business and/or property by reason thereof, and plaintiffs are entitled to damages, to be trebled.

**COUNT SIX**

(Against All County of Los Angeles Defendants Under The Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. 1961, *et seq.*)

27. The Los Angeles County Probation Dept. (LAPrD), is an enterprise within the meaning of 18 U.S.C. 1961(4).

28. The activities of the LAPrD affect interstate commerce.

29. Defendants acquired and/or maintained control over said enterprise through a pattern of racketeering activities, as set forth hereinabove, in violation of 18 U.S.C. 1962(b).

30. Defendants, being associated with said enterprise, conducted and/or participated in said enterprise's affairs through a pattern of racketeering activities, in violation of 18 U.S.C. 1962(c).

31. The pattern of racketeering activities included a continuous pattern and practice involving activities including kidnapping and extortion chargeable under California law as felonies punishable for more than one year in prison, in that the probation department defendants repeatedly committed assaultive and extortionate conduct against plaintiffs and others, and the defendants and other department personnel made false arrests of plaintiffs and others, kidnapped plaintiffs and others, and subjected them to extortion and kidnapping, and obstructed justice in other proceedings.

32. The pattern and practice of racketeering activities also included acts of tampering with witnesses, victims, and informants under 18 U.S.C. 1512, and retaliating against witnesses, victims, and informants under 18 U.S.C. 1513, and kidnapping, as defined by federal law.

33. Plaintiffs were injured in their business and/or property by reason of the conduct set forth, and specifically, plaintiffs were kidnapped by and had their persons and property injured by defendants.

34. Among other forms of injury, plaintiffs lost employment, employment opportunities, and the wages and other compensation associated with said employment and opportunities, in that plaintiffs.

35. Plaintiffs have suffered a material diminishment of their employment prospects by virtue of defendants' conduct.

//



SCANNED

36. Defendants unlawfully have engaged in the racketeering activities set forth in the preceding averments and, on information and belief, on perhaps 100 occasions during the past 10 years, through a pattern of racketeering activity, and have acquired, directly and indirectly, control of the named enterprise, the LAPrD, and, to an extent, the Los Angeles County District Attorney's Office, which have engaged in and whose activities affect interstate commerce.

37. Defendants, who either are employed by or who are associated with those racketeering enterprises, have conducted those enterprises through a pattern of racketeering activity, as set forth hereinabove.

**COUNT SEVEN**

(Against All Los Angeles County Defendants For Conspiracy To Violate Racketeer Influenced And Corrupt Organizations Act, 18 U.S.C. 1962[d])

38. Defendants unlawfully have conspired, as set forth hereinabove, to violate the provisions of 18 U.S.C. 1962(b), (c), and (d), and, on information and belief, continued to do so with the aid and assistance of co-conspirators in the Los Angeles County District Attorney's Office.

39. Plaintiffs were injured in their business and/or property by reason thereof, and plaintiffs are entitled to damages, to be trebled.

**WHEREFORE**, plaintiffs request relief as follows, and according to proof, against each defendant:

1. General damages in the sum of $10,000,000.00;
2. Punitive damages against each defendant in the sum of $10,000,000.00;
3. Damages of $10,000,000.00, to be trebled on the RICO claims against each defendant;
4. Interest from the date of the wrongful conduct;
5. Costs of suit, including attorneys' fees; and,
6. Such other relief as may be warranted or as is just and proper.

SCANNED

**JURY DEMAND**

Trial by jury of all issues is demanded.

**YAGMAN & YAGMAN & REICHMANN**

**By:** Stephen Yagman ______________________

**STEPHEN YAGMAN**

## DECLARATION OF SERVICE

I am employed in Los Angeles County, California by a member of the Bar of this Court named at lines 1-3 of page 1 hereof, at whose direction the service declared herein is made, am over the age of 18, am not a party to the within action, and my business address is 723 Ocean Front Walk, Venice, California 90291. On the date set forth on the signature line below, I served the preceding papers on all interested parties whose names and whose addresses are listed below the signature line, by either:

1. placing true copies thereof enclosed in sealed envelopes with full postage thereon fully prepaid in the United States mail at Los Angeles, California; or

2. transmitting true copies thereof to interested counsel's facsimile terminal number, and then receiving a facsimile receipt showing receipt thereof by counsel's terminal; or

3. causing a reputable personal delivery messenger service to deliver the envelope described in No. 1, above, as addressed- below. The particular method of service is indicated by a line under the number of the type of service used.

I declare the foregoing to be true under the penalty of perjury at Los Angeles, California on the date stamped on the signature line, below.

04-01-05

SIGNATURE

DATE

SERVICE LIST

Craig Miller, Esq.
6th Floor
200 North Main Street
Los Angeles, CA 90012

Steven Blades
23d Floor
660 S. Figueroa St.
L.A., CA 90017